**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

Plaintiff, Case No. 26-cr-20178

v. Judith E. Levy
United States District Judge

Deborah Lynn Beaudoin,

Mag. Judge Kimberly G. Altman

Defendant.
________________________________/

**ORDER GRANTING DEFENDANT'S MOTION TO FILE AN EXHIBIT TO HER SENTENCING MEMORANDUM UNDER SEAL [39]**

Before the Court is Defendant's motion to seal Exhibit 1 to her sentencing memorandum. (ECF No. 39.) The Government does not object. (*See id.* at PageID.146.) Defendant's motion is granted for the reasons set forth below.

Eastern District of Michigan Local Rule 5.3 governs material filed under seal.[1] There is "a 'strong presumption in favor of openness' as to court records." *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco*

---

[1] Local Rule 5.3 applies in civil and criminal actions. *See* Local Rule 1.1(c); Local Criminal Rule 1.1.

*Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)). A request for a seal must be "narrowly tailored. . . in accord with applicable law." E.D. Mich. LR 5.3(b)(2).

The Court may grant a motion to seal "only upon a finding of a compelling reason why certain documents or portions thereof should be sealed." *Id.* at (b)(3)(C)(i). Even if no party objects to a motion to seal, the "district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp.*, 925 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). The Court must make its decision based on the following three factors: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1176).

Defendant asks to seal Exhibit 1 to her sentencing memorandum, which is a psychological evaluation of Defendant. The Court finds that the documents contain sensitive medical information that is appropriate for sealing. Defendant does not identify compelling interests that support public access to these documents, and the Court is not aware of any that

outweigh the interests favoring nondisclosure. The Court also finds that the sealing proposed by Defendant is not broader than necessary. Accordingly, Defendant has met all three *Shane Group* factors in favor of sealing Exhibit 1. As such, Defendant's motion to file Exhibit 1 to her sentencing memorandum under seal is GRANTED.

IT IS SO ORDERED.

Dated: November 5, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 5, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager